FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2026 JAN 21   AM 10: 39

OFFICE OF THE CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| Jeromy Wilson,<br>    Plaintiff,<br><br>v.<br><br>Danesh Noshirvan,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. 8:25-cv-00635E

## PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY AND LEAVE TO SERVE RULE 45 SUBPOENA ON META PLATFORMS, INC.

COMES NOW Plaintiff Jeromy Wilson ("Plaintiff"), appearing pro se, and respectfully moves this Court for an Order permitting limited expedited discovery pursuant to Fed. R. Civ. P. 26(d)(1), and granting leave to serve a narrowly tailored Fed. R. Civ. P. 45 subpoena on Meta Platforms, Inc. ("Meta") to obtain records necessary to identify and preserve evidence relating to ongoing defamatory publication and harassment activity causing real-world harm and escalating community impact.

## I. INTRODUCTION

This case involves defamatory publications and related harassment activity that has extended beyond isolated online commentary and has escalated into broader community-level dissemination, including postings within Facebook groups warning others about Plaintiff and amplifying harmful narratives. The identity and account records connected to these publications are necessary to preserve evidence and establish damages and causation in this matter.

## II. FACTUAL BACKGROUND AND GOOD CAUSE

1. Plaintiff filed this action alleging claims including libel and slander arising from Defendant's publication and amplification of harmful false narratives.
2. Plaintiff has discovered additional third-party dissemination within Facebook groups, including posts and re-posts that reference Plaintiff and have contributed to real-world reputational and safety harm within the local community.
3. The relevant Facebook content and account data are controlled by Meta and are subject to deletion, modification, or loss in the ordinary course of business unless preserved.
4. Plaintiff seeks limited expedited discovery to identify the owner/operator of the Facebook account(s) at issue and to preserve and authenticate the relevant publications and metadata.

## III. LEGAL STANDARD

Fed. R. Civ. P. 26(d)(1) provides that a party may not seek discovery before the parties have conferred as required by Rule 26(f) absent court order. Courts may permit expedited discovery upon a showing of good cause, including where evidence may be lost, harm is ongoing, or the discovery request is narrowly tailored and necessary.

## IV. ARGUMENT



### A. The requested discovery is narrowly tailored and directly relevant.

Plaintiff requests limited records sufficient to identify the account owner/operator and preserve a specific post and its metadata. Plaintiff is not requesting broad private-message content or unrestricted account history.

### B. The evidence is time-sensitive and may be lost absent immediate preservation.

Online content and account data may be deleted or altered, and login/session records are routinely purged by providers over time.

### C. The evidence is necessary to establish publication, damages, and causation.

Dissemination of defamatory and safety-accusation content within local groups demonstrates real-world impact, escalation, and community harm relevant to damages and the ongoing nature of the conduct.

### D. Expedited discovery will not unfairly prejudice Defendant.

The request is limited to third-party records held by Meta and is focused on identification and preservation. It does not impose undue burden on Defendant and serves the interests of justice.

## V. REQUESTED RELIEF

Plaintiff respectfully requests that the Court enter an Order: (1) authorizing limited expedited discovery for the purpose of identifying and preserving third-party records relating to the specific Facebook content at issue; (2) granting leave to serve the attached Rule 45 subpoena on Meta Platforms, Inc.; and (3) requesting Meta preserve responsive records pending compliance.

## VI. CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Court grant Plaintiff's Motion for Expedited Discovery and permit service of the attached Rule 45 subpoena on Meta Platforms, Inc.

Respectfully submitted,

Jeromy Wilson
Plaintiff, Pro Se
4213 Corby Street
Omaha, NE 68111
Telephone: (402) 415-9016
Email: djjik2015@gmail.com

## ATTACHMENT A (UPDATED)

## RULE 45 SUBPOENA DUCES TECUM — DOCUMENTS TO BE PRODUCED

**Provider:** Meta Platforms, Inc. (Facebook)

**Case:** Wilson v. Noshirvan, Case No. 8:25-cv-00635 (D. Neb.)

### A. IDENTIFIERS / LOCATIONS

The following URLs are known locations associated with the account/content at issue. Some content is located in private groups and may not be publicly accessible by URL alone; therefore, this request also includes any internal post identifier(s), group identifier(s), and account identifier(s) associated with the below URLs and the attached screenshot evidence provided by Plaintiff:

1) Post URL: https://www.facebook.com/share/p/1akY4ZRd3A/?
2) Group URL: https://www.facebook.com/share/g/1AfxdbXsSB/?mibextid=wwXlfr
3) Profile URL: https://www.facebook.com/share/1C3MNDaWri/?mibextid=wwXlfr

### B. RECORDS REQUESTED

#### 1) Account identity / subscriber records

Produce records sufficient to identify the owner/operator of the Facebook account(s) that authored, published, and/or reposted the content referenced above, including any account responsible for publishing the content using an "Anonymous member" feature within a Facebook Group. Records requested include:

a. Account registration name(s) (as provided by the user, if any);
b. Email address(es) associated with the account(s) (including historical);
c. Phone number(s) associated with the account(s) (including historical);
d. Account creation date(s) and account status history;
e. Username history and profile name change history;
f. Any verified identity status (if any);
g. Records sufficient to identify the account holder behind any "Anonymous member" posting or "anonymous post" functionality for the referenced content.

#### 2) Post-level content and metadata

Produce a complete copy of the post(s), including any republications into groups, including private groups, and including any versions posted by an "Anonymous member," with associated metadata, including:

a. Full text content;
b. Attached media/images/videos and embedded links;
c. Timestamps;
d. Edit history;
e. Post ID(s);
f. Group ID(s) (if applicable);
g. A list of any locations where the post was shared/reposted, and the associated post IDs/group IDs, to the extent maintained.

#### 3) Limited login/access records

For the last one hundred eighty (180) days, produce for the identified account(s):
a. Login IP addresses and timestamps;
b. Device/browser identifiers associated with logins (if maintained).

### 4) Preservation

Preserve all responsive records, including deleted content/logs, pending compliance with this subpoena and/or further order of the Court.

## C. SCOPE LIMITATION

This request is narrowly tailored to identify the owner/operator of the account(s) responsible for publication/republication of the referenced content and to preserve/authenticate publication evidence. It does not request private message content unless otherwise ordered by the Court.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| Jeromy Wilson, | ) Case No. 8:25-cv-00635 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Danesh Noshirvan, | ) |
| Defendant. | ) |
| | ) |

## PROPOSED ORDER GRANTING PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY

THIS MATTER came before the Court on Plaintiff Jeromy Wilson's Motion for Expedited Discovery and Leave to Serve Rule 45 Subpoena on Meta Platforms, Inc. Plaintiff appears pro se. The Court, having reviewed the Motion and being fully advised in the premises, finds that good cause exists under Fed. R. Civ. P. 26(d)(1) for limited expedited discovery for the purpose of identifying and preserving third-party records relating to specific Facebook content relevant to this litigation.

### IT IS HEREBY ORDERED:

1. Plaintiff's Motion for Expedited Discovery is GRANTED.
2. Plaintiff is authorized to serve a narrowly tailored Rule 45 subpoena duces tecum on Meta Platforms, Inc. for the limited categories of records described in the subpoena attachment(s).
3. Meta Platforms, Inc. is requested to preserve responsive records pending compliance with the subpoena.

DATED: _____, 2026

BY THE COURT:

_____

United States District Judge