IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JEROMY WILSON,<br><br>Plaintiff,<br><br>vs.<br><br>DANESH NOSHIRVAN,<br><br>Defendant. | 8:25CV635<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on pro se Plaintiff Jeromy Wilson's Motion for Expedited Discovery and Leave to Serve Rule 45 Subpoena on Meta Platforms, Inc. ("Meta"). Filing No. 15. This motion is ex parte because Defendant has not been served yet and has not voluntarily appeared. Plaintiff is suing Defendant for allegedly posting content about Plaintiff online. He is moving to subpoena Meta to discover information about accounts posting content referencing Plaintiff and to preserve posts referencing Plaintiff.

A party may not seek discovery prior to the Rule 26(f) conference or, in pro se cases, before the Court enters its final progression order. Fed. R. Civ. Proc. 26(d); NECivR 16.1(c). Accordingly, Plaintiff must show good cause to obtain a court order permitting expedited discovery. *Empirical Foods, Inc. v. Primus Builders, Inc.*, No. 8:19CV457, 2020 WL 5064220, at *15 (D. Neb. Aug. 27, 2020) (quoting Fed. R. Civ. Proc. 26(d)) (collecting cases). "Under the good cause standard, the party requesting expedited discovery must show that the need for expedited discovery outweighs prejudice to the responding party." *Id.* at *16 (citing *Progressive Cas. Ins. Co. v. F.D.I.C.*, 283 F.R.D. 556, 557 (N.D. Iowa 2012)). "Courts commonly consider the breadth and timing of the

1

requests, their purpose, and the burden on the responding party." *Id.* "Motions for expedited discovery are typically granted if the requests are narrowly tailored." *Id.* (collecting cases).

Plaintiff has not shown good cause to obtain expedited discovery. Moreover, his request is overly broad and not narrowly tailored in scope. Plaintiff's motion is not limited to posts by Defendant or even re-posts of Defendant's content. Plaintiff seeks to identify owners of accounts posting content about Plaintiff and to subpoena a broad variety of information, including historical email addresses, historical phone numbers, and username history for these unknown accounts and the IP addresses used to login to these accounts for the past 180 days. It is unclear how posts by these unknown accounts are relevant to the allegations in the Complaint about Defendant's online content. Additionally, Plaintiff has other options available prior to discovery opening. For example, he could save the posts he wishes to preserve or send a preservation letter to Defendant.

Under these circumstances, Plaintiff did not show good cause to obtain discovery from Meta prior to Defendant being served and the resolution of any pre-answer motions. Plaintiff's motion for expedited discovery, Filing No. 15, is denied.

IT IS SO ORDERED.

Dated this 23rd day of January, 2026.

BY THE COURT:

*s/ Jacqueline M. DeLuca*

United States Magistrate Judge

2