IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JEROMY WILSON | 8:25-cv-00635-JMG-JMD |
| Plaintiff, | |
| v. | MOTION TO DIMISS FOR FAILURE |
| | TO STATE A CLAIM UPON WHICH |
| DANESH NOSHIRVAN | RELIEF CAN BE GRANTED |
| Defendant. | |

COMES NOW, Defendant, Danesh Noshirvan, by and through his undersigned  counsel pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and hereby respectfully moves this Court to dismiss all claims in Plaintiff's Complaint for failure to state a claim upon which relief can be granted. In support of this Motion, Defendant states and alleges the following:

**INTRODUCTION**

1. This matter comes before the Court on Plaintiff's complaint alleging four causes of action: (1) Libel; (2) Slander; (3) Defamation; and (4) Intentional Infliction of Emotional Distress. Plaintiff seeks $1,500,000.00 in compensatory damages, punitive damages, and injunctive relief.

1

2.  In his complaint, Plaintiff admits that the published materials he alleges were libelous, slanderous, defamatory, and causing emotional distress were based on true and factual information, which is fatal to these allegations under Nebraska law.

3.  In his complaint, Plaintiff makes numerous conclusory allegations related to how the alleged published materials ought to be viewed. However, Plaintiff fails to identify any one such published statement to support his allegations. Without any specific facts of misconduct alleged in his Complaint, Plaintiff has failed to meet the plausibility standard, required for his action to proceed.

### LEGAL STANDARD

4.  Pursuant to USCS Fed. Rules Civ. Proc. R. 8, a complaint must present a short plain statement of the claim showing the pleader is entitled to relief. *Rule 8*.

5.  To survive a motion to dismiss for failure to state a claim upon which relief can be granted, Plaintiff's Complaint must contain sufficient factual matter that, if accepted as true, would state a claim for relief that is plausible on its face. See *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594-95 (8th Cir. 2009).

6.  A complaint states a plausible claim for relief if it's "factual content… allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged". *See Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949, (2009).

2

## ARGUMENT

**A. Plaintiff's Libel, Slander, and Defamation Claims Fail as a Matter of Law**

7.  Pursuant to Nebraska Revised Statute §25-840, the truth in itself and alone shall be a complete defense against libel, slander, and defamation. *See* §25-840.

8.  Further, the Nebraska Constitution provides that "in all trials for libel, both civil and criminal, the truth when published with good motives, and for justifiable ends, shall be a sufficient defense". Neb. Const. art. I, §5.

9.  In the present action, the first three causes of action alleged in Plaintiff's Complaint (Libel, Slander, Defamation) must fail as a matter of law.

10. In his Complaint, Plaintiff admits on two separate occasions that the published materials giving rise to his first three causes of action were true and factual.

11. First, Plaintiff claimed in his Complaint that Defendant circulated online content referencing Plaintiff, containing statements "that were not entirely fabricated". (Complaint, ¶6).

12. Second, Plaintiff claimed in his Complaint that Defendant took "factual information" to create alleged content Plaintiff believes gives rise to his causes of action. (Complaint, ¶7).

13. Plaintiff openly admits in his Complaint that the libelous, slanderous, and otherwise defamatory content he alleges on the part of Defendant were based on true and accurate information.

3

14. As such, should the factual matter of Plaintiff's Complaint be taken as true, it can only be concluded that a sufficient and complete defense exists for Defendant, preventing any possibility of relief for Plaintiff.

15. Therefore, Plaintiff's complaint must be dismissed as it fails to facially state a claim upon which relief can be granted.

**B. Plaintiff's Claim of Intentional Infliction of Emotional Distress Fails as a Matter of Law**

16. Likewise, Plaintiff's final cause of action (Intentional Infliction of Emotional Distress) also fails as a matter of law because it is based on the same factual and truthful material that protected Defendant from the first three causes of action.

17. To successfully allege a claim of intentional infliction of emotional distress, the Plaintiff must sufficiently allege that the conduct of the Defendant was: (1) extreme and outrageous; (2) intentional or reckless; (3) causes severe emotional distress; and (4) was so severe that no reasonable person could be expected to endure it. *See Heimbach v. Riedman Corp.*, 175 F. Supp. 2d 1167, 1179 (D. Minn 2001).

18. Moreover, the First Amendment of the United States provides broad protections against claims of intentional infliction of emotional distress. *See Dupree v. Illiff*, 860 F.2d 300, 304 (8th Cir. 1988).

19. Plaintiff's Complaint fails to identify any published statements or materials that were made intentionally or recklessly, much less does he explain how any such statements rise to the level of extreme or outrageous

4

to the point of causing emotional distress so extreme that no reasonable person could be expected endure it.

20. Again, Plaintiff admits in his Complaint that the alleged materials, of which he now complains, were based on true and factual information. (Complaint, ¶6-7).

21. Such statements are protected under the same constitutional and statutory provisions that protected Defendant against the first three causes of action.

22. Furthermore, statements based on true and factual information are protected under the First Amendment of the United States Constitution and as such cannot provide a basis to support a claim of intentional infliction of emotional distress.

23. Therefore, Plaintiff's Complaint must fail as a matter of law because it does not allege sufficient facts to support the elements of a claim for intentional infliction of emotional distress.

24. Moreover, the Complaint, on its face, admits facts that establish a complete defense for Defendant, rendering the claim for intentional infliction of emotional distress implausible and insufficient to warrant relief.

## C. Plaintiff's Complaint Fails to Allege Sufficient Facts

25. Finally, Plaintiff's Complaint fails to identify any statements made by Defendant for this Court to assess whether a plausible cause of action could exist.

26. To survive a motion to dismiss, a complaint must contain facts with enough specificity to raise a right to relief above the speculative level. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

27. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, will not pass muster. *See Hammerschmidt v. GM LLC*, 583 F. Supp. 3d 1215, 1220 (D. Minn. 2022).

28. In the present action, Plaintiff has identified no facts for the Court to assess to determine if a plausible cause of action exists.

29. In fact, reading the complaint alone, no person could even discern the content of the alleged published statements.

30. Indeed, without identifying a single statement by Defendant, how can this Court be expected to determine whether there is a plausible interpretation of such statements being considered extreme or outrageous?

31. How can the Court determine if such statements can reasonably be considered to have been knowingly false or uttered with a reckless disregard of the truth as required by Plaintiff's alleged causes of action?

32. Rather, Plaintiff seeks to move his claim forward with nothing more than conclusory statements alleging elements of a cause of action with no substantive facts to support such claims.

33. As no facts are alleged as to what the published statements were, it is not possible for the Court to determine on the face of the Complaint whether a plausible cause of action exists to provide relief for Plaintiff. As such, the Complaint itself must be dismissed.

WHEREFORE, Defendant respectfully requests that this Court sustain this Motion and dismiss all claims asserted against him and for such other relief as the Court deems just and proper.

Respectfully submitted,
Danesh Noshirvan, Defendant

/s/ *Taylor Wemhoff*
Taylor Wemhoff, #27486
LIBERTY LAW GROUP, LLC
13321 California St., Ste. 300
Omaha, NE 68154
Phone: 402-865-0501
Fax : 402-285-7148
Taylor@libertylawgroup.com
Attorney for Defendant

## NOTICE OF HEARING

You are hereby notified that the above and foregoing Motion to Dismiss is requested and will be filed under separate cover once a date is set.

Respectfully submitted,
Danesh Noshirvan, Defendant

/s/ *Taylor Wemhoff*
Taylor Wemhoff, #27486
LIBERTY LAW GROUP, LLC
13321 California St., Ste. 300
Omaha, NE 68154
Phone: 402-865-0501
Fax : 402-285-7148
Taylor@libertylawgroup.com

7

Attorney for Defendant

**CERTIFICATE OF SERVICE**

It is hereby certified that a true and accurate copy of the foregoing document was served this 13th day of February 2026, by electronic mail ("e-mail"), to the following individual:

Jeromy Wilson
Djjik2015@gmail.com

/s/ *Taylor Wemhoff*
Taylor Wemhoff, #27486

8