IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JEROMY WILSON                    8:25-cv-00635-JMG-JMD
                Plaintiff,


v.                                          AMENDED ANSWER


DANESH NOSHIRVAN
                Defendant.


COMES NOW, Defendant, Danesh Noshirvan, by and through undersigned Counsel and for his Amended Answer to Plaintiff's Amended Complaint, Defendant states and alleges as follows:

**RESPONSES**

1. Defendant admits Plaintiff's status on the sex offender registry and the existence of prior criminal convictions. Defendant denies the remainder of allegations contained within the Introduction of Plaintiff's complaint.
2. Defendant admits the allegations set forth in paragraph 1.
3. Defendant admits to the allegations set forth in paragraph 2.
4. Defendant admits to the allegations set forth in paragraph 3.
5. Defendant admits to Plaintiff's residence within the District of Nebraska and to geotagging Omaha but denies the remainder of allegations set forth in paragraph 4.
6. Defendant admits that Plaintiff has two prior sex offense convictions in Nebraska but denies the remainder of allegations set forth in paragraph 5.

7.  Defendant denies the allegations set forth in paragraph 6.

8.  Defendant does not have access to information necessary to admit or deny the allegations set forth in paragraph 7 and therefore denies the same.

9.  Defendant does not have access to information necessary to admit or deny the allegation set forth in paragraph 8 and therefore denies the same.

10. Defendant does not have access to information necessary to admit or deny the allegation set forth in paragraph 9 and therefore denies the same.

11. Allegations set forth in paragraph 10 reference parties and events that are not relevant to Defendant or the present action. As such, Defendant generally denies the allegations set forth therein.

12. Allegations set forth in paragraph 11 reference parties and events that are not relevant to Defendant or the present action. As such, Defendant generally denies the allegations set forth therein.

13. Defendant denies the allegations set forth in paragraph 12.

14. Defendant admits to his videos generally being monetized. Defendant denies the remainder of allegations set forth in paragraph 13.

15. Defendant admits to the names, dates, and monetized status of the allegations set forth in paragraph 14 but denies the remainder of the allegations set forth therein.

16. Defendant admits to the names and dates of the allegations set forth in paragraph 15 but denies the remainder of the allegations set forth therein.

17. Defendant admits to the allegations set forth in paragraph 16.

18. Defendant admits to the comment set forth in paragraph 17 but denies the remainder of the allegations set forth therein.

19. Defendant admits to replying to a comment by Chelsea Suarez on or about January 23, 2026, but denies the remainder of the allegations set forth in paragraph 18.

20. Defendant admits to posting an update on his YouTube channel on or about February 18, 2026, but denies the remainder of allegations set forth in paragraph 19.

21. Defendant denies the allegations set forth in paragraph 20.

22. Defendant is without sufficient information to admit nor deny the allegations set forth in paragraph 21 and therefore denies the same.

23. Defendant is without sufficient information to admit nor deny the allegations set forth in paragraph 22 and therefore denies the same.

24. Defendant denies the allegations set forth in paragraph 23.

25. Defendant denies the allegations set forth in paragraph 24.

26. Defendant denies the allegations set forth in paragraph 25.

27. Defendant denies the allegations set forth in paragraph 26.

28. Defendant denies the allegations set forth in paragraph 27.

29. Defendant denies the allegations set forth in paragraph 28.

30. Defendant denies the allegations set forth in paragraph 29.

31. Defendant denies the allegations set forth in paragraph 30.

32. Defendant admits to referring to Plaintiff as a pedophile but denies the remainder of allegations set forth in paragraph 31.

33. Defendant admits to expressing his opinions regarding support for @Msangelica444 but denies the remainder of allegations set forth in paragraph 32.

34. Defendant denies the allegations set forth in paragraph 33.

35. There are no allegations for Defendant to admit or deny set forth in paragraph 34.

36. Defendant denies the allegations set forth in paragraph 35.

37. Defendant denies the allegations set forth in paragraph 36.

38. Defendant denies the allegations set forth in paragraph 37.

39. Defendant denies the allegations set forth in paragraph 38.
40. There are no allegations to admit or deny set forth in paragraph 39.
41. Defendant denies the allegations set forth in paragraph 40.
42. Defendant denies the allegations set forth in paragraph 41.
43. Defendant denies the allegations set forth in paragraph 42.
44. There are no allegations set forth to admit or deny in paragraph 43.
45. Defendant denies the allegations set forth in paragraph 44.
46. Defendant denies the allegations set forth in paragraph 45.
47. Defendant denies the allegations set forth in paragraph 46.
48. There are no allegations to admit or deny set forth in paragraph 47.
49. Defendant denies the allegations set forth in paragraph 48.
50. Defendant denies the allegations set forth in paragraph 49.
51. Defendant denies the allegations set forth in paragraph 50.
52. Defendant denies the allegations set forth in paragraph 51.
53. Defendant denies the allegations set forth in paragraph 52.
54. Defendant denies the allegations set forth in paragraph 53.
55. Defendant denies the allegations set forth in paragraph 54.
56. Defendant denies the allegations set forth in paragraph 55.
57. Defendant denies the allegations set forth in paragraph 56.

## AFFIRMATIVE DEFENSES

58. Plaintiff's action is frivolous under *Neb. Rev. Stat.* §25-824. Under Nebraska law, a frivolous action is defined as "a legal position wholly without merit, that is, without rational argument based on law and evidence to support a litigant's position in the lawsuit." *Trausch v. Hagemeier,* 313 Neb. 538. Plaintiff allegations of "materially false statements" are either true, opinion, falsely characterized by Plaintiff or wholly

irrelevant to the alleged causes of action. For example, Plaintiff claims Defendant falsely labeled him as a three-time sex offender despite only two sex offender convictions in Nebraska. However, Defendant affirmatively alleges that Plaintiff was also charged for a sexual offense in Iowa. Plaintiff alleges false assertions of child endangerment and fraudulent behavior on the part of Plaintiff. However, Defendant affirmatively alleges there are opinions derived from observations of Plaintiff's conduct. Plaintiff alleges defamatory use of the term pedophile. However, Defendant affirmatively alleges that the term was used colloquially as an opinion derived from observations of Plaintiff's conduct and criminal history.

59. Pursuant to *Neb. Rev. Stat.* §25-840, "the truth in itself alone shall be a complete defense" against claims that require a falsehood as an element of the claim such as libel and slander and in this case defamation and false light invasion of privacy. As provided above, Defendant affirmatively alleges that any fact statements made about Plaintiff have been true to the best of Defendant's knowledge at the time of their utterances. The remainder of allegations are opinions, falsely characterized by Plaintiff, or wholly irrelevant to the present action.

60. First Amendment protection apply in this case to protect Defendant's assertions of opinion regarding Plaintiff's past and present conduct.

61. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

62. Plaintiff failed to mitigate damages.

63. Defendant reserves the right to assert additional defenses that are supported by information or facts obtained through discovery or by other means during this case and expressly reserves the right to Amend their Answer as provided under the Federal Rules of Civil Procedure.

WHEREFORE, Defendant respectfully requests this Court dismiss Plaintiff's Complaint in its entirety and award reasonable attorney fees to Defendant for the cost of defending this action and such other relief as the Court deems just and proper.

Respectfully submitted,
Danesh Noshirvan, Defendant

**/s/ Taylor Wemhoff**

Taylor Wemhoff, #27486
Liberty Law Group, LLC
13321 California St., Ste. 300
Omaha, NE 68154
Phone: 402-865-0501
Fax : 402-285-7148
Taylor@libertylawgroup.com
Attorney for Defendant