FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2026 MAR 24  PM 2:48

OFFICE OF THE CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

JEROMY WILSON,          Case No. 8:25-cv-00635-JMG-JMD
      Plaintiff,


v.


DANESH NOSHIRVAN,
      Defendant.


**PLAINTIFF'S MOTION TO STRIKE PARAGRAPH 58**
**OF DEFENDANT'S AMENDED ANSWER**

Plaintiff Jeromy Wilson, appearing pro se, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 12(f) to strike Paragraph 58 of Defendant's Amended Answer (Doc. #35-1, filed March 22, 2026) in its entirety. Paragraph 58 asserts that Plaintiff "was also charged for a sexual offense in Iowa" as a predicate for Defendant's frivolousness defense. That assertion is legally insufficient, impertinent, and scandalous on its face for three independent reasons: (1) the Iowa proceedings were juvenile court proceedings whose records are confidential and sealed by operation of Iowa Code § 232.147; (2) both Iowa charges were dismissed and cannot establish the truth of any statement Defendant published; and (3) Defendant's own published statements acknowledge that he knew the proceedings were juvenile and that he could not access those records — rendering Paragraph 58 a violation of FRCP 11(b)(3).


In support of this Motion, Plaintiff relies upon the accompanying Brief in Support and the Declaration of Jeromy Wilson, filed simultaneously herewith.


**I. LEGAL STANDARD**

Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). An affirmative defense is legally insufficient where it cannot succeed as a matter of law under any circumstances. Stanbury Law Firm v. IRS, 221 F.3d 1059, 1063 (8th Cir. 2000).


**II. GROUNDS FOR RELIEF**

**A. The Iowa Proceedings Were Juvenile Court Proceedings Whose Records Are Sealed by Statute.**

The authenticated Iowa Courts Online public record reflects a filing date of February 8, 2001, and Plaintiff's date of birth of November 8, 1986 — establishing that Plaintiff was fourteen years old at the time of filing. The proceedings were conducted in juvenile court. Iowa Code § 232.147 makes juvenile court records confidential and prohibits their use in subsequent civil proceedings. Defendant had no lawful right to access those records. The defense is legally insufficient as a matter of law.


**B. Both Iowa Charges Were Dismissed.**

The authenticated Iowa Courts Online record reflects adjudication status DNU-DISMISSED on both charges, disposition TRANSFERRED, dated October 6, 2003. A dismissed charge cannot establish the substantial truth of any published statement. Neb. Rev. Stat. § 25-840 requires truth — not the mere initiation of a proceeding terminated without a finding of guilt. Federal Rule of Evidence 609(d) further bars use of juvenile adjudications in these circumstances. Stanbury, 221 F.3d at 1063.

**C. Defendant's Own Statements Confirm That Paragraph 58 Lacks Evidentiary Support Under FRCP 11(b)(3).**

In the video forming the basis of Plaintiff's claims, Defendant stated on camera: "I unfortunately don't know the details of what happened when he was 17 because he was a minor and he was charged as a minor. So there's nothing I can uncover about that." This public admission establishes that Defendant knew the records were sealed and inaccessible. Counsel's certification under FRCP 11(b)(3) is directly contradicted by Defendant's own words. Plaintiff has served a Rule 11 safe harbor notice on defense counsel requesting withdrawal of Paragraph 58 within twenty-one days.

**D. Paragraph 58 Is Independently Strikeable as Impertinent and Scandalous.**

Paragraph 58 introduces sealed juvenile records for the purpose of perpetuating in the federal court record the same defamatory "3x sex offender" characterization that is the central subject of this lawsuit. That is not a legitimate litigation purpose. It is impertinent and scandalous within the meaning of FRCP 12(f). 5C Wright & Miller, Federal Practice and Procedure § 1382 (3d ed.).

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court strike Paragraph 58 of Defendant's Amended Answer in its entirety and order that the Iowa juvenile proceedings shall not be referenced in this litigation.

Respectfully submitted,

/s/ Jeromy Wilson

Jeromy Wilson

Plaintiff, Pro Se

4213 Corby Street

Omaha, Nebraska 68111

(402) 415-9016

djjiik2015@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I filed the foregoing Motion to Strike with the Clerk of the United States District Court for the District of Nebraska via CM/ECF. The Court's CM/ECF system will automatically transmit a Notice of Electronic Filing to counsel for Defendant at taylor@libertylawgroup.com. I declare under penalty of perjury that the foregoing is true and correct.

Date: 3-24-26

Jeromy Wilson, Pro Se

## CERTIFICATE OF COMPLIANCE

Pursuant to NECivR 7.1(d)(4), the undersigned certifies that a generative artificial intelligence program was used in the drafting of this document. The undersigned has personally verified the accuracy of all generated text, including all citations and legal authority, prior to filing, in compliance with NECivR 7.1(d)(3).

Jeromy Wilson, Pro Se

Jeromy Wilson, Pro Se

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JEROMY WILSON,          Case No. 8:25-cv-00635-JMG-JMD
    Plaintiff,


v.


DANESH NOSHIRVAN,
    Defendant.


**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO STRIKE
PARAGRAPH 58 OF DEFENDANT'S AMENDED ANSWER**

## I. INTRODUCTION

Defendant Danesh Noshirvan's Amended Answer (Doc. #35-1) asserts in Paragraph 58 that Plaintiff "was also charged for a sexual offense in Iowa" as a predicate for his frivolousness defense and implicit truth defense. That assertion is legally insufficient and should be stricken for three independently dispositive reasons.


First, the Iowa proceedings were juvenile court proceedings. Plaintiff was fourteen years old at the time of the Iowa filing. Iowa Code § 232.147 makes juvenile court records confidential and prohibits their use in subsequent civil proceedings. A defense predicated on sealed records that Defendant had no lawful right to access cannot succeed as a matter of law.


Second, the authenticated Iowa Courts Online public record reflects that both charges were dismissed — adjudication status DNU-DISMISSED — with no finding of guilt. A dismissed charge cannot establish the substantial truth of any published statement. Nebraska's truth defense requires more than the initiation of a proceeding terminated without consequence.


Third, Defendant's own published statements confirm that he knew the Iowa proceedings were juvenile and that he could not access those records. His counsel's certification in Paragraph 58 is directly contradicted by Defendant's own words, in violation of FRCP 11(b)(3).


## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed this action for defamation per se, false light invasion of privacy, and intentional infliction of emotional distress arising from Defendant's sustained, monetized campaign of false statements published to an audience exceeding 2,000,000 followers. A central challenged statement is Defendant's repeated characterization of Plaintiff as a "three-time sex offender." Plaintiff has two prior sex offense convictions in Nebraska. Unable to identify a third Nebraska conviction, Defendant has sought to supply one by reference to the Iowa matter.


The authenticated Iowa Courts Online public record (Exhibit E, authenticated under 28 U.S.C. § 1746) reflects: Case No. 03971 JVJV013171, Woodbury County; date of birth November 8, 1986; filing date February 8, 2001; charges of Assault with Intent to Commit Sexual Abuse/No Injury and Assault/Violation of Individual Rights; adjudication status DNU-DISMISSED; disposition TRANSFERRED; October 6, 2003. Plaintiff was fourteen years old at the time of filing.


In the video forming the basis of Plaintiff's claims, Defendant stated on camera: "I unfortunately don't know the details of what happened when he was 17 because he was a minor and he was charged as a minor. So there's nothing I can uncover about that." Defendant publicly

acknowledged to its own audience that he knew the Iowa proceedings were juvenile and that he could not access those records. Paragraph 58 of the Amended Answer then pleads those same sealed proceedings as a defense predicate.

## III. ARGUMENT

### A. Legal Standard.

Federal Rule of Civil Procedure 12(f) authorizes a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). An affirmative defense is legally insufficient where it cannot succeed under any set of facts consistent with the pleading. Stanbury Law Firm v. IRS, 221 F.3d 1059, 1063 (8th Cir. 2000). Where the predicate facts are sealed, confidential, and inadmissible as a matter of law, the defense is insufficient and should be stricken.

### B. The Iowa Proceedings Are Juvenile Court Proceedings Whose Records Are Confidential Under Iowa Code § 232.147.

Plaintiff was fourteen years old at the time of the February 2001 Iowa filing. Iowa Code § 232.8 subjects any person under eighteen to juvenile court jurisdiction for delinquency matters. Iowa Code § 232.147(1) provides that "[t]he records and files of the juvenile court are not public records." Section 232.147(2) limits disclosure to specified individuals and circumstances — none of which include civil defendants in defamation litigation in a foreign federal court. Defendant had no lawful right to access those records, publish their contents, or plead them as a litigation predicate.

### C. Both Iowa Charges Were Dismissed and Cannot Establish Substantial Truth Under Neb. Rev. Stat. § 25-840.

Nebraska's truth defense requires that the challenged statement be substantially true in the sense material to the defamatory sting. Neb. Rev. Stat. § 25-840. Defendant's "3x sex offender" characterization implies three convictions or adjudications. A dismissed charge — adjudication status DNU-DISMISSED, no finding of guilt — does not supply a missing third conviction. Federal Rule of Evidence 609(d) independently bars use of juvenile adjudications to establish character except in narrowly specified criminal proceedings not present here. Where the evidence is inadmissible, the defense predicated on it is legally insufficient. Stanbury, 221 F.3d at 1063.

### D. Defendant's Own Published Admissions Establish That Paragraph 58 Violates FRCP 11(b)(3).

FRCP 11(b)(3) requires that an attorney certify that "the factual contentions have evidentiary support." Fed. R. Civ. P. 11(b)(3). Defendant publicly acknowledged on camera that he could not access the Iowa juvenile records because Plaintiff "was a minor and he was charged as a minor." That admission forecloses any certification that Paragraph 58 has evidentiary support. Plaintiff has served a Rule 11 safe harbor notice requesting withdrawal within twenty-one days. This Motion proceeds independently.

### E. Paragraph 58 Is Independently Strikeable as Impertinent and Scandalous.

"Scandalous" matter under FRCP 12(f) includes allegations that cast a derogatory light on a party without legitimate relevance. 5C Wright & Miller, Federal Practice and Procedure § 1382 (3d ed.). Paragraph 58 introduces sealed juvenile records for the sole purpose of embedding in the federal court record the same defamatory "3x sex offender" characterization at the core of this lawsuit. That is not a legitimate litigation purpose.

## IV. CONCLUSION

Paragraph 58 of Defendant's Amended Answer asserts a defense predicated on sealed juvenile records Defendant cannot lawfully access, dismissed charges that cannot establish truth, and records that Defendant himself publicly acknowledged were beyond his reach. It is legally insufficient, impertinent, and scandalous. Plaintiff respectfully requests that this Court strike Paragraph 58 in its entirety and order that the Iowa juvenile proceedings shall not be referenced in this litigation.



Respectfully submitted,

/s/ Jeromy Wilson
Jeromy Wilson
Plaintiff, Pro Se
4213 Corby Street
Omaha, Nebraska 68111
(402) 415-9016
djjiik2015@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I filed the foregoing Brief in Support of Motion to Strike with the Clerk of the United States District Court for the District of Nebraska via CM/ECF. The Court's CM/ECF system will automatically transmit a Notice of Electronic Filing to counsel for Defendant at taylor@libertylawgroup.com. I declare under penalty of perjury that the foregoing is true and correct.

Date: 3-24-26

Jeromy Wilson, Pro Se

## CERTIFICATE OF COMPLIANCE

Pursuant to NECivR 7.1(d)(1), the undersigned certifies that this brief contains approximately 1,154 words, as measured by the word-count function of the word-processing software applied to include all text including the caption, headings, footnotes, and quotations, and does not exceed the applicable word limit.

Pursuant to NECivR 7.1(d)(3)-(4), the undersigned further certifies that a generative artificial intelligence program was used in the drafting of this document. The undersigned has personally verified the accuracy of all generated text, including all citations and legal authority, prior to filing.

Jeromy Wilson, Pro Se

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

JEROMY WILSON,          Case No. 8:25-cv-00635-JMG-JMD
   Plaintiff,

v.

DANESH NOSHIRVAN,
   Defendant.

**DECLARATION OF JEROMY WILSON IN SUPPORT OF**
**MOTION TO STRIKE PARAGRAPH 58 OF DEFENDANT'S AMENDED ANSWER**

I, Jeromy Wilson, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1.  I am the Plaintiff in the above-captioned action, appearing pro se. I have personal knowledge of the facts set forth in this Declaration.

2.  I was born on November 8, 1986. I am currently 38 years old.

3.  The Iowa Courts Online public record authenticated as Exhibit E in this action reflects a Woodbury County filing dated February 8, 2001. At that date, I was fourteen years old. The proceedings reflected in that record were conducted in juvenile court, as I was under eighteen years of age at the time.

4.  I was charged as a juvenile in Woodbury County, Iowa. Both charges — Assault with Intent to Commit Sexual Abuse/No Injury and Assault/Violation of Individual Rights — were dismissed. The adjudication status reflected in the authenticated public record is DNU-DISMISSED, with disposition TRANSFERRED, dated October 6, 2003. There was no conviction, no adjudication of delinquency, and no finding of guilt on either charge.

5.  The Iowa juvenile court records relating to those proceedings are, to my knowledge, sealed and confidential under Iowa law. I have not produced sealed juvenile records in this litigation. The only Iowa record referenced in this case is the publicly available Iowa Courts Online case summary (Exhibit E), which reflects the case number, charges, and dismissal status only.

6.  I am aware that Defendant Noshirvan stated on camera, in the video published as part of the campaign at issue in this lawsuit, that he could not access information about what occurred when I was a minor because I was charged as a minor. That statement is consistent with my understanding that the underlying juvenile court records are sealed.

7.  On or about March 24th, 2026, I sent a Rule 11 safe harbor notice via email to defense counsel Taylor Wernhoff at taylor@libertylawgroup.com, identifying the legal deficiencies of Paragraph 58 and requesting its withdrawal within twenty-one days. I retained a copy of that email and a screenshot of delivery confirmation, attached hereto as Exhibit A.

8.  The Iowa Courts Online public record (Exhibit E) was accessed through the Iowa Judicial Branch public case search portal. It is a true and accurate copy of the publicly available case information for Case No. 03971 JVJV013171, Woodbury County. I authenticated this record in my prior Declaration filed in connection with the Second Amended Complaint.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 3-24-26

Jeromy Wilson

4213 Corby Street

Omaha, Nebraska 68111

(402) 415-9016

djjiik2015@gmail.com

## CERTIFICATE OF COMPLIANCE

Pursuant to NECivR 7.1(d)(4), the undersigned certifies that a generative artificial intelligence program was used in the drafting of this document. The undersigned has personally verified the accuracy of all generated text, including all citations and legal authority, prior to filing, in compliance with NECivR 7.1(d)(3).

Jeromy Wilson, Pro Se