IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JEROMY WILSON, | |
| Plaintiff, | **8:25CV635** |
| vs. | |
| DANESH NOSHIRVAN, | **MEMORANDUM AND ORDER** |
| Defendant. | |

This matter is before the Court on pro se Plaintiff Jeromy Wilson's Motion to Strike Paragraph 58 of Defendant's Amended Answer. Filing No. 44. The Court denies Plaintiff's motion for the reasons set forth herein.

Federal Rule of Civil Procedure 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f) is "permissive" and grants the Court liberal discretion when ruling on a motion to strike. *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000).

Striking is an extreme measure and courts view motions to strike with disfavor. *See BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007); *Stanbury*, 221 F.3d at 1063. The purpose of a Rule 12(f) motion to strike is to "minimize delay, prejudice, and confusion." *Infogroup, Inc. v. Database LLC*, 95 F.Supp.3d 1170 (D. Neb. Mar. 30, 2015) (internal citations omitted). When abused, Rule 12(f) can multiply proceedings, causing unnecessary disputes and delays. *Id.* Given this, Rule 12(f) motions will not be granted without a "showing of prejudicial harm." *Oglesby v. Lesan*, No. 4:16CV3189, 2017 WL 2345666, at *2 (D. Neb. May 30, 2017). "A motion to strike a defense will be denied if the defense is sufficient as a matter of law or if it fairly presents a question of law or fact

1

which the court ought to hear." *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977) (quoting 2A Moore's Federal Practice P 12.21 at 2437 (2d ed. 1975)).

Plaintiff moves to strike the entirety of paragraph 58 in Defendant's Amended Answer. Paragraph 58 provides:

> Plaintiff's action is frivolous under *Neb. Rev. Stat.* §25-824. Under Nebraska law, a frivolous action is defined as "a legal position wholly without merit, that is, without rational argument based on law and evidence to support a litigant's position in the lawsuit." *Trausch v. Hagemeier*, 313 Neb. 538. Plaintiff allegations of "materially false statements" are either true, opinion, falsely characterized by Plaintiff or wholly irrelevant to the alleged causes of action. For example, Plaintiff claims Defendant falsely labeled him as a three-time sex offender despite only two sex offender convictions in Nebraska. However, Defendant affirmatively alleges that Plaintiff was also charged for a sexual offense in Iowa. Plaintiff alleges false assertions of child endangerment and fraudulent behavior on the part of Plaintiff. However, Defendant affirmatively alleges there are opinions derived from observations of Plaintiff's conduct. Plaintiff alleges defamatory use of the term pedophile. However, Defendant affirmatively alleges that the term was used colloquially as an opinion derived from observations of Plaintiff's conduct and criminal history.

Filing No. 43 at 4. Despite moving to strike the entire paragraph, Plaintiff only contests Defendant's allegation that "Plaintiff was also charged for a sexual offense in Iowa." Plaintiff asserts Defendant's defenses as it pertains to this allegation are legally insufficient because the Iowa proceedings are sealed by statute and the Iowa charges were dismissed. He also argues this allegation is impertinent and scandalous. Finally, he argues the Court order that the Iowa proceedings not be referenced in this litigation.

Plaintiff does not show how this allegation prejudices him. Plaintiff is not disputing that he was charged with a sexual offense in Iowa. *See* Filing No. 44 at 4. Whether, for example, Defendant's statement that Plaintiff is a three-time sex offender is true when Plaintiff was convicted of two sex offenses and charged with a third sex offense that was ultimately dismissed is "a question of law or fact which the court ought to hear." *Lunsford, 570 F.2d at 229*. The defenses related to this allegation are not insufficient and this (undisputed) allegation is not impertinent or scandalous. The parties may litigate the other issues Plaintiff raises, such as whether Defendant is entitled to discovery about the purportedly sealed Iowa charges or whether Defendant should be excluded from

referencing the Iowa proceedings at trial, in the normal course of litigation as this case progresses.

Accordingly,

IT IS ORDERED that Plaintiff's Motion to Strike Paragraph 58 of Defendant's Amended Answer, Filing No. 44, is denied.

Dated this 26th day of March, 2026.

BY THE COURT:

_s/ Jacqueline M. DeLuca_

United States Magistrate Judge