IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JEROMY WILSON                8:25-cv-00635-JMG-JMD
     Plaintiff,

                       MOTION TO DISMISS
v.                           PLAINTFF'S
                       COMPLAINT AGAINST
DANESH NOSHIRVAN,            DEFENDANT CHELSEA
CHELSEA SUAREZ, and          SUAREZ
TABLE ROCK
MANAGEMENT
     Defendant.

COMES NOW Defendant Chelsea Suarez, by and through undersigned counsel, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, respectfully moves this Court to dismiss Plaintiff's Second Amended Complaint for failure to state a claim upon which relief can be granted, and in support thereof alleges and states as follows:

1. Plaintiff filed his Second Amended Complaint on or about April 15, 2026.

2. Defendant, Chelsea Suarez, was served with Plaintiff's Second Amended Complaint on April 30, 2025.

3. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant, Chelsea Suarez moves to dismiss Plaintiff's Second Amended Complaint for failure to state a claim upon which relief can be granted.

4. To survive a motion to dismiss for failure to state a claim upon which relief can be granted, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. See *Metro. Omaha Prop. Owners Ass'n v. City of Omaha*, 991 F.3d 880, 884 (8th Cir. 2021).

5. A claim is plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. See *Id.*

6. Plaintiff asserts four causes of action against Defendant Chelsea Suarez: defamation per se, false light invasion of privacy, intentional infliction of emotional distress, and civil conspiracy.

7. Plaintiff's defamation per se claim against Ms. Suarez is based primarily upon allegations that she reported information received from independent sources.

8. However, Plaintiff fails to allege that Ms. Suarez fabricated those sources, misrepresented the information she received, knew the information to be false, or presented sourced allegations as independently verified facts.

9. Plaintiff therefore fails to allege facts sufficient to plausibly establish defamation per se or actual malice concerning Ms. Suarez's reporting.

10. With respect to Plaintiff's false light invasion of privacy claim, Plaintiff fails to identify any independent or nondefamatory statements by Ms. Suarez capable of sustaining a false light claim separate and apart from the defamation per se claim.

11. Accordingly, Plaintiff's false light invasion of privacy claim is subsumed within the defamation claim as a matter of law and must be dismissed.

12. Regarding Plaintiff's claim of intentional infliction of emotional distress. Plaintiff failed as a matter of law to allege facts rising to the high bar of extreme and outrageous. Rather, Plaintiff merely alleges that the actions of Ms. Suarez were extreme and outrageous without specifying why such conduct falls outside all possible bounds of decency and why such conduct should be considered atrocious and utterly intolerable in civilized community.

13. Plaintiff further fails to allege any facts concerning the emotional distress he claims to have suffered. The Complaint contains no factual allegations demonstrating that Plaintiff suffered emotional distress so severe that no reasonable person could be expected to endure it, or even that he suffered any identifiable emotional distress as a result of Ms. Suarez's alleged conduct.

14. Finally, concerning Plaintiff's civil conspiracy claim, Plaintiff fails to allege facts sufficient to plausibly establish either an express or implied agreement between Defendants Suarez and Noshirvan or any coordinated effort to commit an unlawful act.

15. Moreover, Plaintiff fails to allege a viable underlying tort, which is a required element of a civil conspiracy claim.

WHEREFORE, Defendant Chelsea Suarez respectfully requests that this Court dismiss Plaintiff's Second Amended Complaint in its entirety as against her for failure to state a claim upon which relief can be granted, and award such other and further relief as the Court deems just and proper.

Dated this 20th day of May 2026

Respectfully submitted,
Chelsea Suarez, Defendant

_/s/ Taylor J. Wemhoff_
Taylor Wemhoff, #27486
Liberty Law Group, LLC
13321 California St., Ste. 300
Omaha, NE 68154
Phone: 402-865-0501
Fax : 402-285-7148
Taylor@libertylawgroup.com
_Attorney for Defendant_