IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JEROMY WILSON                           8:25-cv-00635-JMG-JMD
                    Plaintiff,

v.

                                        BRIEF IN SUPPORT OF
DANESH NOSHIRVAN,                       CHELSEA SUAREZ'S
CHELSEA SUAREZ, and                     MOTION TO DISMISS
TABLE ROCK
MANAGEMENT
                    Defendant.

## INTRODUCTION

This action arises from Plaintiff, Jeromy Wilson's Second Amended Complaint against Defendants Danesh Noshirvan, Chelsea Suarez, and Table Rock Management. Plaintiff alleges claims for defamation per se, false light invasion of privacy, intentional infliction of emotional distress, civil conspiracy, and injunctive relief against all Defendants. Plaintiff additionally asserts claims against Defendant Noshirvan for instigation and negligent failure to control.

Plaintiff's allegations stem from public commentary and opinion-based criticism concerning Plaintiff's own publicly available social media content, criminal history, and other matters Plaintiff voluntarily placed into the public sphere. The Complaint attempts to recast protected speech, rhetorical commentary, independently sourced reporting, and substantially true statements as actionable torts. However, the allegations contained within the Second Amended

Complaint fail, as a matter of law, to state viable claims against Defendant Chelsea Suarez.

Throughout the Complaint, Plaintiff repeatedly acknowledges both his criminal history and that Ms. Suarez relied upon independently sourced information in her reporting. Plaintiff does not plausibly allege that Ms. Suarez fabricated information, falsely claimed Plaintiff had been criminally charged or prosecuted for the conduct upon which he basis his claims against her, or knowingly published false statements. Rather, Plaintiff's principal contention appears to be that Ms. Suarez credited information from independent sources over Plaintiff's own denials.

The Complaint further acknowledges that Ms. Suarez identified herself as an independent journalist, contacted Plaintiff directly for comment prior to publication, and identified Mr. Noshirvan as a source for portions of her reporting. Plaintiff also acknowledges that Ms. Suarez relied upon additional independent sources concerning Plaintiff's activities as a DJ and alleged communications with a young woman on Snapchat. Significantly, Plaintiff does not allege that Ms. Suarez fabricated those sources or misrepresented the information she received from them.

Instead, Plaintiff principally objects to Ms. Suarez's characterization and commentary concerning Plaintiff's publicly discussed conduct, including her use of terms such as "PEDO" and "child predator." Plaintiff attempts to impose a strictly clinical definition on the term "pedophile" while disregarding its common colloquial usage in public discourse. The Complaint therefore seeks to transform disagreement with rhetorical commentary and independently sourced reporting into actionable tort claims.

As set forth below, Plaintiff fails to plausibly allege the essential elements of any claim asserted against Ms. Suarez, including falsity,

actual malice, extreme and outrageous conduct, severe emotional distress, the existence of any conspiratorial agreement, or any viable underlying tort. Accordingly, Plaintiff's claims against Ms. Suarez should be dismissed in their entirety.

## Legal Standard

Pursuant to the Federal Rules of Civil Procedure Rule 12(b)(6) a party may assert a defense for failure to state a claim upon which relief can be granted by motion before pleading if a responsive pleading is allowed. See Fed. R. Civ. Pro. 12.

To survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on it's face". See *Metro. Omaha Prop. Owners Ass'n v. City of Omaha*, 991 F.3d 880, 884 (8th Cir. 2021). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged". See *Id.*

## ARGUMENT

### 1. Plaintiff's Claim of Defamation Per Se Must be Dismissed Because the Complaint Fails to Establish the Required Elements.

To establish a claim for defamation, a plaintiff must prove three elements: (1) the defamatory statement was communicated to someone other than the plaintiff; (2) the statement was false; and (3) the statement tended to harm the plaintiff's reputation and lower the plaintiff in the estimation of the community. See *Nelson v. Lake Elmo Bank*, 75 F.4th 932, 941 (8th Cir. 2023).

Further, in cases involving a public figure, such as this, the plaintiff must also demonstrate actual malice on the part of the defendant. Actual malice means knowledge of falsity or reckless disregard for the truth. To establish reckless disregard, a plaintiff must present

Page **3** of **12**

sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of the publication. See *Hoch v. Prokop*, 244 Neb. 443, 445–46 (1993).

Additionally, statements constitute defamation per se only if they falsely impute the commission of a crime involving moral turpitude, an infectious disease, unfitness to perform the duties of an office or employment, prejudice one in his or her profession or trade, or tend to disinherit one. See *Matheson v. Stork*, 293 Neb. 547, 553 (1991).

In the present case, Plaintiff alleges that Ms. Suarez committed defamation per se by publishing false statements, "including use of the word 'PEDO' in video titles in connection with Plaintiff's full name, the Snapchat solicitation allegation, the illegal DJing allegation, and republication of Mr. Noshirvan's false characterizations." See Plaintiff's Second Amended Complaint ¶ 60.

None of the factual allegations set forth in Plaintiff's Second Amended Complaint sufficiently support a claim for defamation per se against Ms. Suarez. Plaintiff likewise fails to plausibly allege that Ms. Suarez acted with actual malice.

First, Plaintiff alleges that Ms. Suarez's use of the word "PEDO" constitutes defamation per se. Plaintiff asserts that "pedophile" is not a legal or criminal term, but rather "a specific clinical diagnosis defined in the Diagnostic and Statistical Manual of Mental Disorders." See id. ¶ 50. Plaintiff further argues that he has never received such a diagnosis and therefore the use of the term is defamatory.

That argument fails. Although Plaintiff identifies a clinical definition for pedophilic disorder, he does not allege that Ms. Suarez used the term in a clinical or diagnostic sense, nor does he allege that she intended to do so. Instead, Plaintiff appears to argue that because the term has a technical medical definition, it cannot also be used colloquially. However, "PEDO" is commonly used in everyday speech to refer generally to sex offenses involving minors. Plaintiff himself admits to convictions involving conduct of that nature. While Plaintiff disputes the colloquial use of the term, that disagreement alone does

not give rise to a claim for defamation per se, particularly absent allegations that Ms. Suarez used the term in a purely technical or diagnostic manner.

Moreover, given Plaintiff's admitted convictions involving minors, the Complaint fails to plausibly allege that Ms. Suarez acted with actual malice in using the colloquial term. Plaintiff does not allege facts showing that Ms. Suarez knew the characterization was false or subjectively entertained serious doubts as to the truth of the statement.

Second, Plaintiff alleges that Ms. Suarez falsely accused him of engaging in a Snapchat relationship with a young woman based on an unverified source. Plaintiff acknowledges that Ms. Suarez received a direct message from an individual claiming to have been contacted by Plaintiff on Snapchat. Plaintiff further admits that Ms. Suarez's statements were based on information she received from that source. Plaintiff does not allege that Ms. Suarez fabricated the source, misrepresented the information provided to her, or meaningfully dispute the authenticity of the underlying information itself.

Instead, Plaintiff argues that because there was "no police report, no court record, [and] no corroboration of any kind," the allegation was defamatory and published with actual malice. See id. ¶ 34. To support his assertion that the allegation implied criminal solicitation of a minor, Plaintiff cites a single statement by Ms. Suarez that the individual "looks like she is 16." See *Id*.

These allegations are insufficient as a matter of law because Plaintiff fails to plausibly allege either falsity or actual malice. At most, Plaintiff alleges that Ms. Suarez relied on an unverified source. However, allegations of inadequate investigation, without more, do not plausibly establish actual malice. Plaintiff does not allege that Ms. Suarez fabricated the source, knew the information was false, or in fact entertained serious doubts as to its truth. Nor does Plaintiff allege that Ms. Suarez falsely claimed that law enforcement records or court proceedings existed. Rather, Plaintiff asks the Court to find defamation per se based solely on Ms. Suarez accurately relaying

information she received from another individual. Such allegations fail, as a matter of law, to plausibly establish defamation per se or actual malice.

Third, Plaintiff alleges that Ms. Suarez falsely stated that he had been "illegally DJing at people's schools under a different name so the school doesn't know that you're a child predator." See id. ¶ 33. However, Plaintiff does not specify which portion of the statement is allegedly false, how Ms. Suarez obtained the information, or whether she misrepresented it in any way.

Instead, Plaintiff merely alleges that the statement must be false because there are no court records, police reports, or other documentation supporting it. Yet Plaintiff does not allege that Ms. Suarez claimed he had been criminally charged or prosecuted. Moreover, the Complaint itself leaves unclear whether Plaintiff disputes that he worked as a DJ, performed at schools, used another name, or simply objects to Ms. Suarez's characterization of those facts.

Absent factual allegations identifying what aspect of the statement was false, Plaintiff has failed to plead facts sufficient to support a claim for defamation per se. Likewise, because Plaintiff does not plausibly allege falsity in the first instance, he necessarily fails to plausibly allege that Ms. Suarez published the statement with knowledge of falsity or reckless disregard for the truth.

Finally, Plaintiff alleges defamation per se based on Ms. Suarez's republication of Defendant Noshirvan's alleged "false characterizations." This claim likewise fails as a matter of law because Plaintiff does not allege that Ms. Suarez republished any false factual assertions, which is a required element of defamation. Plaintiff acknowledges that Ms. Suarez routinely identified Mr. Noshirvan as the source of those characterizations and does not allege that she altered or misrepresented them in any way. Rather, Plaintiff alleges only that Ms. Suarez informed her audience of statements previously published by Mr. Noshirvan.

Plaintiff further acknowledges that Mr. Noshirvan appeared on Ms. Suarez's program and stated his belief that his reporting on Plaintiff was accurate based on his research. These allegations undermine, rather than support, any inference that Ms. Suarez acted with actual malice. Plaintiff does not allege facts showing that Ms. Suarez knew the statements were false or subjectively entertained serious doubts concerning their truth.

Accordingly, Plaintiff fails to allege facts plausibly establishing falsity, defamatory meaning, or actual malice. The allegations against Ms. Suarez therefore fail to state a claim for defamation *per se* and must be dismissed as a matter of law.

### 2. Plaintiff's Claim of False Light Invasion of Privacy Must be Dismissed Because it is Subsumed within Plaintiff's Defamation Claim.

Nebraska law is clear that a plaintiff cannot maintain a false light invasion of privacy claim alongside a defamation claim when both causes of action are based on the same alleged statements. Specifically, the Nebraska Supreme Court has held that "if a plaintiff asserts claims of both defamation and false light invasion of privacy based on the same statement, the false light invasion of privacy claim is subsumed within the defamation claim and is not separately actionable. A false light invasion of privacy claim can only survive as a separate cause of action if it alleges a nondefamatory statement." *Elbert v. Young*, 312 Neb. 58, 70–71 (2022).

In the present case, Plaintiff alleges that Defendant's publications placed him in a false light highly offensive to a reasonable person by depicting him as subject to legal restrictions that do not exist, as an active threat to children, as a pedophile within the clinical meaning of that term, and as a fraudster and predator. See *Plaintiff's Second Amended Complaint* ¶ 64.

However, these allegations are identical to those underlying Plaintiff's defamation per se claim. Plaintiff identifies no separate or

distinct statements to support his false light invasion of privacy claim, nor does he allege any nondefamatory publication capable of sustaining an independent false light cause of action under Nebraska law.

Accordingly, because Plaintiff's false light invasion of privacy claim is based entirely on the same alleged statements supporting his defamation per se claim, the false light claim is subsumed as a matter of law and must be dismissed.

### 3. Plaintiff's Claim of Intentional Infliction of Emotional Distress Must be Dismissed Because the Complaint Fails to Establish the Required Elements.

To establish a claim for intentional infliction of emotional distress, a plaintiff must allege facts sufficient to prove: (1) intentional or reckless conduct by the defendant; (2) conduct so outrageous and extreme that it goes beyond all possible bounds of decency and is regarded as atrocious and utterly intolerable in a civilized community; and (3) emotional distress so severe that no reasonable person could be expected to endure it. See *Dale v. Thomas Funeral Home, Inc.*, 237 Neb. 528, 531 (1991). Further, a plaintiff must demonstrate distress greater than mere worry, anxiety, vexation, or anger. See *Id.* (quoting *Hassing v. Wortman*, 214 Neb. 154 (1983)).

The elements required to establish intentional infliction of emotional distress impose an extraordinarily high standard for recovery. By definition, the conduct at issue must be so extreme and outrageous that it exceeds all possible bounds of decency and is regarded as atrocious and utterly intolerable in a civilized community.

In the present case, Plaintiff fails to identify any conduct by Ms. Suarez that plausibly rises to that level. The only conduct alleged against Ms. Suarez concerns purportedly false criminal accusations published about Plaintiff. However, as discussed in greater detail above, Plaintiff fails to plausibly allege that Ms. Suarez fabricated information, falsely claimed Plaintiff had been criminally charged or

prosecuted, or otherwise published knowingly false statements. Rather, the Complaint itself alleges that Ms. Suarez relied upon independently sourced information and disclosed those sources to her audience. Moreover, the only conduct with criminal implications specifically referenced by Ms. Suarez concerns offenses Plaintiff himself admits to. Such allegations, even if accepted as true, do not approach the level of extreme and outrageous conduct necessary to sustain a claim for intentional infliction of emotional distress.

Plaintiff likewise fails to allege facts sufficient to establish the third element of the claim, that he suffered emotional distress so severe that no reasonable person could be expected to endure it. The Complaint contains no factual allegations concerning Plaintiff's emotional condition, the nature or severity of his alleged distress, or any resulting psychological, emotional, or physical symptoms. Plaintiff merely alleges the existence of emotional distress in conclusory fashion.

That is insufficient as a matter of law. To sustain a claim for intentional infliction of emotional distress, a plaintiff must allege emotional suffering substantially greater than mere worry, anxiety, vexation, or anger. Yet Plaintiff alleges no facts demonstrating distress of any severity, let alone the level of severity required under Nebraska law.

Accordingly, because Plaintiff fails to allege facts sufficient to establish either extreme and outrageous conduct or severe emotional distress, the Complaint fails on its face to state a claim for intentional infliction of emotional distress, and the claim must be dismissed.

### 4. Plaintiff's Claim of Civil Conspiracy Must be Dismissed Because Plaintiff's Complaint Fails to Allege Sufficient Facts to Support an Actionable Claim

Plaintiff's final claim against Ms. Suarez alleges civil conspiracy with Mr. Noshirvan. To establish a claim for civil conspiracy, a plaintiff must show "a combination of two or more persons to

accomplish an unlawful or oppressive object or a lawful object by unlawful or oppressive means." *Donourie & Yost Homes, LLC v. Frost*, 289 Neb. 136, 156 (2014). Further, civil conspiracy is actionable only if the alleged conspirators committed an underlying tort. See *Id.* A plaintiff must also establish an express or implied agreement between the defendants. See *Id.* at 157.

In the present case, Plaintiff fails to plausibly allege any of the required elements of civil conspiracy. Instead, Plaintiff merely argues that because two independent content creators covered the same subject matter, there must have been an express or implied agreement between them. However, the allegations contained within the Complaint itself undermine that theory.

Throughout the Complaint, Plaintiff acknowledges that Ms. Suarez and Mr. Noshirvan had no prior working relationship and first interacted through the comment section of one of Mr. Noshirvan's videos. Plaintiff further acknowledges that Ms. Suarez identified herself as an independent journalist and identified Mr. Noshirvan as a source for portions of her reporting. Such allegations do not plausibly establish an agreement to commit an unlawful act.

Nor does Plaintiff allege facts showing any actual coordination between the parties beyond their mutual decision to publicly discuss Plaintiff and his online content. The Complaint identifies only: (1) a comment in which Ms. Suarez stated she was "tapping in"; (2) Mr. Noshirvan's appearance on Ms. Suarez's channel as a disclosed source; (3) an email from Ms. Suarez to Plaintiff identifying herself as an independent journalist and advising him of her intent to cover the story; and (4) Ms. Suarez tagging Mr. Noshirvan in her videos. None of these allegations plausibly establishes an express or implied agreement to commit a tortious or unlawful act.

Indeed, Plaintiff's theory would effectively eliminate any meaningful limiting principle for civil conspiracy claims arising from online commentary or reporting. If merely discussing the same publicly available subject matter or citing another creator as a source were sufficient to establish conspiracy, then any journalist, commentator, or

content creator who referenced another individual's reporting could potentially be exposed to conspiracy liability. Under Plaintiff's theory, every individual who publicly commented on Plaintiff's content could be characterized as a co-conspirator simply because they discussed the same subject matter. Plaintiff himself identifies several additional content creators who allegedly made negative content concerning him and whose reporting was, in some way, traceable to Mr. Noshirvan. Yet Plaintiff alleges no facts distinguishing those individuals from Ms. Suarez beyond their participation in online discussion concerning Plaintiff.

Such allegations are insufficient as a matter of law to plausibly establish a conspiratorial agreement. Mere parallel conduct, independent reporting, or discussion of the same publicly available information does not establish civil conspiracy absent factual allegations demonstrating an agreement to commit an underlying unlawful act.

Finally, Plaintiff's civil conspiracy claim independently fails because civil conspiracy is not actionable without an underlying tort. As discussed above, Plaintiff has failed to allege facts sufficient to plausibly support any underlying claim against Ms. Suarez. Absent a viable underlying tort, the civil conspiracy claim necessarily fails as a matter of law.

Accordingly, because Plaintiff fails to plausibly allege either an agreement to commit an unlawful act or a viable underlying tort, the Complaint fails to state a claim for civil conspiracy, and the claim must be dismissed.

## CONCLUSION

For the foregoing reasons, Plaintiff has failed to allege facts sufficient to plausibly support any claim against Ms. Suarez. The Complaint fails to establish the essential elements of defamation per se, false light invasion of privacy, intentional infliction of emotional distress, or civil conspiracy. Moreover, Plaintiff fails to plausibly allege

falsity, actual malice, extreme and outrageous conduct, severe emotional distress, the existence of any conspiratorial agreement, or any viable underlying tort.

Instead, the allegations against Ms. Suarez arise from her independent reporting and commentary concerning matters Plaintiff himself placed into the public sphere. The Complaint relies upon conclusory assertions, speculation, and disagreement with Ms. Suarez's characterization of publicly discussed conduct, rather than well-pled factual allegations sufficient to state a plausible claim for relief.

Accordingly, Defendant Ms. Suarez respectfully requests that the Court dismiss Plaintiff's Second Amended Complaint against her in its entirety, with prejudice, and grant such other and further relief as the Court deems just and proper.

Dated this 20th day of May 2026.

Respectfully submitted,
Chelsea Suarez, Defendant

*/s/ Taylor J. Wemhoff*
Taylor Wemhoff, #27486
Liberty Law Group, LLC
13321 California St., Ste. 300
Omaha, NE 68154
Phone: 402-865-0501
Fax : 402-285-7148
Taylor@libertylawgroup.com
*Attorney for Defendant*