IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JEROMY WILSON,

Plaintiff,

vs.

DANESH NOSHIRVAN, et al.

Defendants.

8:25CV635

ORDER

This matter is before the Court on Plaintiff's Motion to Disqualify Counsel. Filing No. 72. Specifically, Plaintiff moves to disqualify attorney Taylor J. Wemhoff of Liberty Law Group, LLC for representing two defendants in the present action which Plaintiff allege have incompatible defenses. For the reasons below, the motion will be denied.

## BACKGROUND

On or about April 15, 2026, Plaintiff Jeromy Wilson filed his second amended complaint alleging defamation, false light invasion of privacy, intentional infliction of emotional distress, civil conspiracy, and instigation and negligent failure to control. Plaintiff's allegations stem from allegedly false statements made about his criminal history and conduct towards children. According to the complaint, Defendant Noshirvan is a private individual residing in Pennsylvania who operates various social media platforms and generates revenue from his accounts. Defendant Suarez is a private individual residing in Florida who is a "content creator" who also has monetized platforms. Plaintiff alleges that Suarez operates under a talent management relationship with Defendant Table Rock Management, LLC. Plaintiff alleges that after the commencement of this lawsuit, Suarez

1

coordinated with Noshirvan to perpetuate the false and misleading social media posts about Plaintiff's background. Filing No. 55 at 6.

As is relevant to the present motion, Attorney Taylor Wemhoff appeared on behalf of Noshirvan on January 28, 2026 and appeared on behalf of Suarez on May 20, 2026. Filing Nos. 19, 68. Plaintiff contends that the defenses of the two parties—Noshirvan and Suarez—are incompatible and Mr. Wemhoff cannot simultaneously represent both parties. Upon review of the docket, Mr. Wemhoff has not filed a response for either Defendant in opposition to Plaintiff's motion. He did respond, however, to Plaintiff's inquiry of the same and indicated the representation is being "handled in accordance with the Nebraska Rules of Professional Conduct." Filing No. 73 at 24.

## ANALYSIS

A party moving for disqualification of counsel must first "demonstrate that he has standing to bring a motion to disqualify based on a perceived conflict of interest" between opposing parties. *See Nebraska Data Centers, LLC v. Khayet*, No. 8:17CV369, 2018 WL 2050567, at *2 (D. Neb. Apr. 24, 2018); *accord George v. George*, No. 8:23CV56, 2024 WL 4826061, at *2 (D. Neb. Nov. 19, 2024). "Typically, a party shows standing by demonstrating he will be prejudiced by the conflicted representation, but a party may also show standing when there is a 'perceived threat to the fairness of the proceeding' because the conflicted parties are not aware of or are unable to appreciate the seriousness and injustice of the conflict." *Id*. (citing *Hawkes v. Lewis*, 586 N.W.2d 430, 436 (Neb. 1998), overruled on other grounds, *Heckman v. Marchio*, 894 N.W.2d 296 (Neb. 2017)).

"A party's right to select its own counsel is an important public right and a vital freedom that should be preserved; the extreme measure of disqualifying a party's counsel of choice should be imposed only when absolutely necessary." *Macheca Transp. Co. v. Phila. Indem. Co.*, 463 F.3d 827, 833 (8th Cir. 2006) (citations omitted). "Because of the potential for abuse by opposing counsel,

2

'disqualification motions should be subjected to particularly strict scrutiny.'" *Id.* (quoting *Harker v. Comm'r*, 82 F.3d 806, 808 (8th Cir. 1996)); *see also Droste v. Julien*, 477 F.3d 1030, 1035 (8th Cir. 2007) ("We review the grant of a motion to disqualify a lawyer as trial counsel for an abuse of discretion, but because the potential for abuse by opposing counsel is high, the Court subjects such motions to particularly strict scrutiny."). "The moving party bears the burden of proving that disqualification is required." *Awnings v. Fullerton*, 912 F.3d 1089, 1096 (8th Cir. 2019) (citing *A.J. by L.B. v. Kierst*, 56 F.3d 849, 859 (8th Cir. 1995)).

"When considering whether an attorney should be disqualified from representing a party, the court may consider the ABA code or Rules of professional conduct, any rules of professional conduct adopted by the district court, the court's duty to maintain public confidence, and the court's duty to [e]nsure the integrity of judicial proceedings." *Sundquist v. Nebraska, No. 8:14CV220, 2015 WL 6118515, at *1 (D. Neb. Oct. 16, 2015)*. This Court adopted the Nebraska Rules of Professional Conduct. NEGenR 1.8(a). In relevant part, the Nebraska Rules of Professional Conduct prohibit a lawyer from representing a client when "the representation involves a concurrent conflict of interest." Neb. R. Prof. Conduct § 3-501.7(a). A concurrent conflict of interest exists if "the representation of one client will be directly adverse to another client" or "there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client[.] Neb. R. Prof. Conduct § 3-501.7(a). The client may waive the concurrent conflict of interest in writing in certain circumstances. Neb. R. Prof. Conduct § 3-501.7(b).

As an initial matter, the Court is unpersuaded that Plaintiff, who is not a current or former client and is an opposing litigant, has established standing to disqualify defense counsel. Plaintiff asserts a perceived conflict of interest between the two defendants' positions which the court interprets as an attempt to implicate the integrity or transparency of the proceedings. Plaintiff claims this conflict is

3

serious, irreconcilable, and unwaivable. As proof of conflict and prejudice to Plaintiff, Plaintiff points to two apparently conflicting statements in pleadings filed by Wemhoff, and references correspondence surrounding Plaintiff's settlement demand to Suarez. However, upon review, the facts at issue provide, at best, potential for conflict arising out of each defendant's respective relationship with Plaintiff, this litigation, and each other. The Court declines to disqualify counsel on a theoretical conflict that may or may not exist at later stages of this litigation. *See Mathiesen v. Burns,* No. 8:25CV716, 2026 WL 353215, at *1 (D. Neb. Feb. 9, 2026). Moreover, there is no doubt an attorney has certain ethical obligations to communicate settlement demands to his clients within the scope of the agreed representation. *See* Neb. R. Prof. Conduct § 3-501.4; Neb. R. Prof. Conduct § 3-501.2. Plaintiff's speculation as to opposing counsel's handling of the settlement offer is insufficient. And the Court is not aware of any authority to suggest opposing counsel has a duty to disclose to Plaintiff that he is complying with his ethical duties to communicate with his clients. *See Adams v. Best W. Int'l, Inc.*, No. 8:24CV102, 2025 WL 1359007, at *1 (D. Neb. May 9, 2025).

The Eighth Circuit has expressed "serious doubts" that district courts have authority to disqualify counsel "for reasons unrelated to professional conduct" and absent a finding of ethical violations. *O'Connor v. Jones*, 946 F.2d 1395, 1399 n.4 (8th Cir. 1991) (citing *Jensen v. Satran*, 633 F.Supp. 1187, 1188 (D.N.D.)) ("This court does not have the authority or inclination to supervise the defendants in their respective choices of counsel."); *see also, Kasza v. Browner*, 133 F.3d 1159, 1171 (9th Cir. 1998) ("We have difficulty seeing how [the plaintiff] has standing to complain about a possible conflict of interest arising out of common representation of defendants in different civil actions, having nothing to do with her own representation" because "[a]s a general rule, courts do not disqualify an attorney on the grounds of conflict of interest unless the former client moves for disqualification."); *Nicholas v. Grapetree Shores, Inc.*, 2013 WL 1196960, at *7

(D.V.I. Mar. 22, 2013) (stating that when a nonclient party "seeks disqualification of opposing counsel [based on] an alleged conflict of interest between opposing counsel and his client, that party lacks standing unless he can show 'an ethical breach that so infects the litigation . . . that it impacts the moving party's interest in a just and lawful determination of h[is] claims.'").

Here, Plaintiff does not meet his burden of proving disqualification is required. Defense counsel is clearly aware of his obligations under the rules of professional conduct and there is no evidence to suggest defense counsel has or would violate his ethical obligations if a conflict does arise. Upon review, the Court finds that none of the reasons delineated by Plaintiff warrant disqualifying Defendants' chosen counsel and will therefore deny the motion to disqualify.

Accordingly,

IT IS ORDERED:

1.  Plaintiff's Motion to Disqualify Counsel for Defendants, Filing No. 72, is denied.


Dated this 12th day of June, 2026.

BY THE COURT:


*s/ Jacqueline M. DeLuca*

United States Magistrate Judge

5