IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2026 JUL 29 AM 8: 38

OFFICE OF THE CLERK

JEROMY WILSON,
     Plaintiff,

v.

DANESH NOSHIRVAN, CHELSEA
SUAREZ, and TABLE ROCK
MANAGEMENT, LLC,
     Defendants.

Case No. 8:25-cv-00635-JMG-JMD

**PLAINTIFF'S MOTION FOR LEAVE
TO FILE A SURREPLY TO
DEFENDANT SUAREZ'S REPLY
BRIEF (DOC. #98)**

COMES NOW Plaintiff, Jeromy Wilson, pro se, and respectfully moves this Court, pursuant to NECivR 7.1(c) and the Court's inherent authority to manage its own docket, for leave to file a short surreply addressing a specific, narrow, and correctable misstatement of the operative pleading contained in Defendant Chelsea Suarez's Reply Brief in Support of Her Motion to Dismiss (Doc. #98). In support of this Motion, Plaintiff states as follows:

## I. GROUNDS FOR THE MOTION

Under NECivR 7.1(c), no party may file further briefs or evidence beyond a reply brief without leave of court. Plaintiff does not seek to relitigate any argument already presented, to raise a new legal theory, or to have the last word on the merits of the pending Motion to Dismiss. Plaintiff seeks leave solely to correct a specific factual assertion in Doc. #98 concerning the content of the operative Second Amended Complaint (Doc. #55) — a matter capable of direct verification from the docket itself.

## II. THE MISSTATEMENT OF THE RECORD

In the section of her Reply Brief addressing Plaintiff's claim for intentional infliction of emotional distress, Defendant Suarez states: "Plaintiff argues that Ms. Suarez endorsed Mr. Noshirvan's reporting while conducting a GoFundMe campaign for Brandon Taylor and continued publishing content concerning Plaintiff after this lawsuit was filed. To the best of Ms. Suarez's knowledge, neither allegation appears in the operative Second Amended Complaint." Doc. #98 at 8.

That representation does not match the pleading before the Court. Paragraph 33 of the Second Amended Complaint (Doc. #55) expressly alleges that "Suarez additionally created and promoted a GoFundMe fundraiser for Brandon Taylor — Plaintiff's protection order respondent — linking it in the video description alongside Taylor's TikTok and Megan Renee Beck's content." That same allegation is incorporated into the civil conspiracy count at paragraph 72(f), which identifies "Suarez's GoFundMe for Plaintiff's protection order respondent" as evidence of the coordination agreement among Defendants.

Similarly, paragraphs 35, 42, and 56(i) of the Second Amended Complaint expressly plead Defendant Suarez's February 18, 2026 publication, made after this lawsuit was filed, as an independent ground supporting actual malice. Both factual allegations that Defendant Suarez's Reply Brief states do not appear in the operative pleading are therefore pled by paragraph number in the very complaint her Motion seeks to dismiss.

## III. A NARROW SURREPLY IS THE APPROPRIATE VEHICLE TO CORRECT THE RECORD

Plaintiff recognizes that surreplies are disfavored and that leave to file one is granted sparingly. Plaintiff does not ask the Court to consider new argument or new evidence, and does not seek to reopen briefing on the merits of the Motion to Dismiss. The sole purpose of the proposed surreply, lodged herewith as Exhibit 1, is to identify by paragraph number the portions of the operative pleading that the Reply Brief represents do not exist, so that the Court is not left to resolve the Motion on an inaccurate premise regarding the content of the complaint.

Plaintiff respectfully submits that correcting a factual misstatement about the content of the operative pleading is a proper and limited basis for leave, distinct from an attempt to gain the last word on a disputed legal argument.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant leave to file the surreply lodged herewith as Exhibit 1, limited solely to correcting the record regarding the content of paragraphs 33, 35, 42, and 56(i) of the Second Amended Complaint.

Dated this 29th day of July, 2026.

Respectfully submitted,

/s/ Jeromy Wilson
**Jeromy Wilson, Plaintiff Pro Se**
4213 Corby Street
Omaha, NE 68111
(402) 415-9016 | djjiik2015@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below, a true and correct copy of the foregoing was served upon the following counsel of record by electronic mail via the Court's CM/ECF system:

Taylor J. Wemhoff
Kidd Laflin Kilburg PC LLO, 16910 Frances St., Ste. 102, Omaha, NE 68130
taylor@kiddlaflin.com
*Counsel for Defendants Danesh Noshirvan and Chelsea Suarez*

Bartholomew L. McLeay; Jeremy Fitzpatrick
Kutak Rock LLP, 1650 Farnam Street, Omaha, NE 68102
bart.mcleay@kutakrock.com; jeremy.fitzpatrick@kutakrock.com
*Counsel for Defendant Table Rock Management, LLC*

Dated: July 29th, 2026

/s/ Jeromy Wilson
**Jeromy Wilson, Plaintiff Pro Se**

*AI ASSISTANCE DISCLOSURE: Plaintiff used AI-assisted drafting tools in the preparation of this document. Plaintiff reviewed all content, verified all factual statements against source materials, and takes full responsibility for the accuracy and legal sufficiency of this filing.*

Page

# EXHIBIT 1

## PROPOSED SURREPLY

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEBRASKA

JEROMY WILSON,
     Plaintiff,

v.

DANESH NOSHIRVAN, CHELSEA
SUAREZ, and TABLE ROCK
MANAGEMENT, LLC,
     Defendants.

Case No. 8:25-cv-00635-JMG-JMD

**PLAINTIFF'S SURREPLY TO
DEFENDANT SUAREZ'S REPLY
BRIEF (DOC. #98) — LIMITED TO
CORRECTION OF THE RECORD**

Plaintiff Jeromy Wilson, pro se, submits this surreply for the limited purpose granted by the Court's order: to correct a specific misstatement in Defendant Chelsea Suarez's Reply Brief (Doc. #98) regarding the content of the operative Second Amended Complaint (Doc. #55). Plaintiff raises no new argument and does not address any other portion of Doc. #98.

## CORRECTION OF THE RECORD

Defendant Suarez's Reply Brief states: "Plaintiff argues that Ms. Suarez endorsed Mr. Noshirvan's reporting while conducting a GoFundMe campaign for Brandon Taylor and continued publishing content concerning Plaintiff after this lawsuit was filed. To the best of Ms. Suarez's knowledge, neither allegation appears in the operative Second Amended Complaint." Doc. #98 at 8.

Both allegations appear in the operative pleading:

Paragraph 33 of the Second Amended Complaint (Doc. #55) alleges that Defendant Suarez "created and promoted a GoFundMe fundraiser for Brandon Taylor — Plaintiff's protection order respondent — linking it in the video description alongside Taylor's TikTok and Megan Renee Beck's content." This allegation is repeated at paragraph 72(f), where it is pled as evidence supporting the civil conspiracy count.

Paragraphs 35 and 42 of the Second Amended Complaint plead Defendant Suarez's February 18, 2026 publication as having occurred after this lawsuit was filed, and paragraph 56(i) identifies that same post-filing publication, along with Defendant Suarez's commercial monetization of it, as an independent ground supporting actual malice.

Both factual allegations that Defendant Suarez's Reply Brief represents as absent from the operative pleading are therefore pled, by paragraph number, in the complaint at issue on the pending Motion to Dismiss.

## CONCLUSION

Plaintiff respectfully requests that the Court consider this correction in evaluating Defendant Suarez's Motion to Dismiss and Reply Brief.

Dated this 29th day of July, 2026.

Respectfully submitted,

/s/ Jeromy Wilson
**Jeromy Wilson, Plaintiff Pro Se**
4213 Corby Street
Omaha, NE 68111
(402) 415-9016 | djjiik2015@gmail.com

*AI ASSISTANCE DISCLOSURE: Plaintiff used AI-assisted drafting tools in the preparation of this document. Plaintiff reviewed all content, verified all factual statements against source materials, and takes full responsibility for the accuracy and legal sufficiency of this filing.*